IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA, by and through the PENNSYLVANIA ATTORNEY GENERAL, PENNSYLVANIA INSURANCE DEPARTMENT, and THE PENNSYLVANIA UNDERGROUND STORAGE TANK INDEMNIFICATION FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>BP plc, BP HOLDINGS NORTH AMERICA LIMITED, BP AMERICA INC, BP PRODUCTS NORTH AMERICA INC., BP WEST COAST PRODUCTS LLC, and its predecessor companies and subsidiaries, ENERGY TRANSFER PARTNERS, LP, ETP HOLDCO CORPORATION, SUNOCO, INC., and its predecessor companies and subsidiaries, CHEVRON CORPORATION, CHEVRON USA INC., and its predecessor companies and subsidiaries CONOCOPHILLIPS, CONOCOPHILLIPS COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, and its predecessor companies and subsidiaries, HESS CORPORATION, WILCO HESS LLC., and its predecessor companies and Subsidiaries, VALERO ENERGY CORPORATION, VALERO RETAIL HOLDINGS INC., CST SERVICES LLC, CST BRANDS INC., VALERO MARKETING and SUPPLY COMPANY, CST MARKETING and SUPPLY COMPANY, THE PREMCOR REFINING GROUP INC., PREMCOR INC., and its predecessor companies and | Case No. _____<br><br>[Removal from the Court of Common Pleas of Philadelphia County, Trial Division, Case No. 140602880] |

| | |
|---|---|
| Subsidiaries,<br>KINDER MORGAN INC., EL PASO CORPORATION, EL PASO CGP COMPANY LLC and its predecessor companies and subsidiaries,<br>MARATHON OIL CORPORATION, MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY LP, MARATHON PETROLEUM COMPANY LLC, SPEEDWAY LLC, and its predecessor companies and subsidiaries,<br>SHELL OIL COMPANY, SHELL PETROLEUM INC., SHELL OIL PRODUCTS COMPANY LLC, and its predecessor companies and subsidiaries MOTIVA ENTERPRISES LLC, and its predecessor companies and subsidiaries<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL OF DEFENDANTS SHELL OIL COMPANY, INC., SHELL PETROLEUM INC., SHELL OIL PRODUCTS COMPANY LLC, AND MOTIVA ENTERPRISES, LLC

Pursuant to 28 U.S.C. §§ 1441, 1446 and Section 1503 of the Energy Policy Act of 2005, 119 Stat. 594, Defendants Shell Oil Company, Inc., Shell Petroleum, Inc., Shell Oil Products Company LLC, and Motiva Enterprises LLC (collectively "Shell") hereby remove this action from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. Removal is proper on the basis of the following facts and circumstances:

1.  Shell has been sued in a civil action entitled *The Commonwealth of Pennsylvania et al., v. BP plc. et al.*, Case No. 140602880, in the Court of Common Pleas, Philadelphia County, Pennsylvania (the "State Court Action"). A copy of the Complaint is attached as Exhibit A.

2. Plaintiffs' Complaint was served on Shell's registered agent on June 27, 2014. (*See* Ex. B.)

3. As set forth below, removal is proper pursuant to 28 U.S.C. § 1441(a) because Shell has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to Section 1503 of the Energy Policy Act of 2005.

## I. SHELL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Plaintiff served the Complaint ("Complaint") on Shell's registered agent on June 27, 2014. (*See* Ex. B.) Accordingly, this Notice of Removal is timely filed within thirty days after "receipt by [Shell], through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

5. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on Shell in the State Court Action as of the date of this removal are attached as Exhibit C.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Prothonotary of the Court of Common Pleas, Philadelphia County.

7. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants properly joined in this action have joined in this Notice of Removal or otherwise consent to the removal of this action. (*See* Ex. D.)

8. As of the date of this removal, Shell has not filed a responsive pleading or otherwise responded to the Complaint.

9. Pursuant to 28 U.S.C. § 1441(a), venue lies in this Court because the State Court Action was filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, which is located within the Eastern District of Pennsylvania.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO SECTION 1503 OF THE ENERGY POLICY ACT OF 2005

10. This Court has original jurisdiction over this case pursuant to Section 1503 of the Energy Policy Act of 2005 (*see* 42 U.S.C. § 7545 note), which provides: "Claims and legal actions filed after the date of enactment of this Act related to allegations involving actual or threatened contamination of methyl tertiary butyl ether (MTBE) may be removed to the appropriate United States district court." *See also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 674 F. Supp. 2d 494, 503-04 (S.D.N.Y. 2009) ("Section 1503, by its own terms, creates federal jurisdiction over all MTBE-related cases.").

  (a) The State Court Action was filed in June 2014, after the date of enactment of the Energy Policy Act of 2005.

  (b) As part of the Energy Policy Act of 2005, the United States Congress found that:

   1) since 1979, methyl tertiary butyl ether (hereinafter ... referred to as 'MTBE') has been used nationwide at low levels in gasoline to replace lead as an octane booster or anti-knocking agent.

   2) Public Law 101-549 (commonly known as the 'Clean Air Act Amendments of 1990') (42 U.S.C. 7401 et seq.) established a fuel oxygenate standard under which reformulated gasoline must contain at least 2 percent oxygen by weight; and

   3) The fuel industry responded to the fuel oxygenate standard established

4

by Public Law 101-549 by making substantial investments in—(A) MTBE production capacity; and (B) systems to deliver MTBE-containing gasoline to the marketplace. Energy Policy Act § 1502, 119 Stat. 1076.

(c) Plaintiff's Complaint alleges injury arising from and seeks reimbursement for expenses incurred for remediating contamination from releases of gasoline—which contains MTBE pursuant to federal mandates under the Clean Air Act Amendments of 1990—from the defendants' underground storage tanks ("USTs") located in Pennsylvania. (*See* Ex. A at 21-22, 26-28.)

1) For example, Count II of the Complaint alleges, among other things, that "Statutory and Common Law Subrogation applies against Defendants and the [Underground Storage Tank Indemnity Fund ("USTIF")] is ... entitled to be refunded the monies paid to Defendants *for their environmental pollution* that exists at their storage tank and petroleum fuel dispensing facilities or third-party properties in Pennsylvania." (*Id.* ¶ 153 (emphasis added).)

2) Count II further alleges, "The USTIF has the right to recover against Defendants for the corrective action and environmental remediation costs *paid to third-party participants* for *environmental contamination* caused by Defendants," either because Defendants sold a *contaminated* property to these third-parties, or because Defendants' *contaminated* property was adjacent to a third-party property. (*Id.* at 42.)

    3) In other words, Plaintiff's Complaint demands that Defendants reimburse the USTIF for money the USTIF paid to third parties to clean up environmental contamination – contamination that included MTBE contamination.

    4) Count IV alleges that Defendants negligently failed to disclose that their USTs had pre-1994 releases "that caused substantial environmental damage requiring remediation." (*Id.* ¶ 167). Based on these and other allegations, Plaintiff seeks to recover monies expended to "*remediate environmental contamination*" at defendants' UST facilities. (*Id.* ¶ 174 (emphasis added).)

    5) Count V similarly alleges that Defendants intentionally failed to disclose pre-1994 releases "that caused substantial environmental damage requiring remediation," and that Plaintiffs seek to recover monies paid to "*remediate environmental contamination* at storage tank and petroleum fuel dispensing facilities as well as adjacent properties in Pennsylvania." (*Id.* ¶¶ 176, 186 (emphasis added).)

(d) On the whole, Plaintiffs bring six state law claims: impairment of subrogation rights, statutory and common-law subrogation, unjust enrichment, negligent misrepresentation, fraudulent concealment and nondisclosure, and violation of the Storage Tank and Spill Prevention Act. (*Id.* ¶¶ 128-192.) All causes of action are based on the harm allegedly caused by releases of gasoline from defendants' USTs and seek recovery of funds expended in remediating these releases. (*See id.*)

(e) Although the Complaint avoids specific mention of MTBE, another complaint, filed contemporaneously by Plaintiffs against Shell ("MTBE Complaint"), alleges that much of the same gasoline released from the same USTs contained MTBE and caused injury to Plaintiffs through groundwater contamination. (*See* MTBE Complaint at 55-57, 60-66, attached as Ex. E.)[1] The MTBE Complaint alleges, "Since the inception of the USTIF program in 1994, there have been approximately 3,400 documented releases of gasoline into the environment from USTIF indemnified facilities. Releases have occurred in every county in Pennsylvania. A substantial portion of these gasoline releases have involved MTBE gasoline and resulted in MTBE contamination of groundwater and the expenditure of significant funds by the Commonwealth to define the extent of, monitor, treat and remediate MTBE contamination." *See id.* at 59-60. In a motion in that case, the Commonwealth alleges that, "Since 1994 and the implementation of Pennsylvania's Underground Storage Tank Indemnity Fund, the Commonwealth has experienced around 3,400 gasoline releases, ***approximately 75% of which involve MTBE. The Commonwealth has spent hundreds of millions of dollars in cleanup costs to address these releases.***" (*See* Ex. F, Commonwealth's July 10, 2014 Motion for Creation of Complex Litigation Program, filed in *Pennsylvania ex rel. Kane v. Exxon Mobil Corp.*, No.06-2014-002881 (Phila. Ct. Comm. Pleas) (emphasis added).) It is well within this Court's discretion to take judicial notice of pleadings filed with the

---

[1] The MTBE action was removed to this Court on July 18, 2014. *See Commonwealth of Pennsylvania v. Exxon Mobil Corp.*, Case No. 2:14-cv-04327-HB (E.D. Pa.).

Court. *See* Wright, Miller & Cooper, 21B Fed. Prac. & Proc. Evid. § 5110 (2d ed.) ("Courts have long taken judicial notice when ruling on demurrers or motions to dismiss. But courts have taken judicial notice in a broad range of pretrial proceedings [including] . . . removal proceedings.").

(f) Plaintiffs' Complaint, therefore, seeks reimbursement of payments made by the USTIF to Shell, and the MTBE Complaint confirms that those payments included payments related to MTBE. Therefore, the claims in the Complaint are "related" to Plaintiffs' "allegations involving actual or threatened contamination" of MTBE. *See* Energy Policy Act § 1503.

11. Because this is a case for which removal is expressly provided by an Act of Congress, jurisdiction is proper without regard to other federal statutes so long as the case is within the Court's judicial powers under Article III, Section 2 of the Constitution of the United States. *See in re MTBE Prod. Liab. Litig.*, 674 F. Supp. 2d at 496-504. This Court has Article III jurisdiction of this case because this suit is brought by the Commonwealth of Pennsylvania, by and through the Pennsylvania Attorney General, the Pennsylvania Insurance Department, and the Pennsylvania Underground Storage Tank Indemnity Fund against one or more citizens of another state, and is not being commenced or prosecuted against the state. Accordingly, jurisdiction is present under Article 3, Section 2, and jurisdiction is not precluded by the Eleventh Amendment. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 115-21 (2d Cir. 2007) (holding that Eleventh Amendment did not bar removal of a case commenced by a state in its own courts).

12.     In addition to the original jurisdiction conferred by the Energy Policy Act of 2005, this Court has supplemental jurisdiction over any remaining state-law allegations pursuant to 28 U.S.C. § 1367(c).

### III. CONCLUSION

13.     For all the reasons stated, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and this Court has jurisdiction over this matter pursuant to Section 1503 of the Energy Policy Act of 2005.

14.     Promptly after filing this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Shell will give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas, Philadelphia County. A copy of the Notice filed with the Prothonotary of the Court of Common Pleas, Philadelphia County, is attached as Exhibit G.

WHEREFORE, Shell removes this action from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted this 25th day of July, 2014.

_____
Austin A. Evans, Esquire
**KING & SPALDING LLP**
PA I.D. No. 201152
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
Phone: (404) 572-4600
Fax: (404) 572-5100 – Facsimile
aevans@kslaw.com
*Attorney for Defendants*
*Shell Oil Company, Inc., Shell Petroleum, Inc., Shell Oil Products Company LLC, and Motiva Enterprises LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2014, I will serve a true and correct copy of the **NOTICE OF REMOVAL**, via first class mail, postage paid, to the following:

| | |
|---|---|
| James A. Donahue, III<br>Executive Deputy Attorney General<br>Office of Attorney General<br>Public Protection Division<br>14th Floor<br>Strawberry Square<br>Harrisburg, PA 17120 | Linda C. Barrett, Esquire<br>Senior Deputy General Counsel<br>Governor's Office of General Counsel<br>333 Market Street, 17th Floor<br>Harrisburg, Pennsylvania 17101 |
| Stephen A. Corr, Esquire<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>777 Township Line Road, Suite 120<br>Yardley, PA 19067 | Dennis G. Pantazis, Esquire<br>WIGGINS CHILDS QUINN & PANTAZIS<br>Special Counsel to the<br>Commonwealth of Pennsylvania<br>The Kress Building<br>301 19th Street North<br>Birmingham, AL 35203 |

_____
Austin A. Evans, Esquire
**KING & SPALDING LLP**
PA I.D. No. 201152
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
Phone: (404) 572-4600
Fax: (404) 572-5100 – Facsimile
aevans@kslaw.com
*Attorney for Defendants*
*Shell Oil Company, Inc., Shell Petroleum, Inc.,*
*and Shell Oil Products Company LLC, and*
*Motiva Enterprises LLC*

Dated: July 25, 2014